■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM C. JONES, Appellant.— Appeal from a judgment of the Supreme Court, Kings County, rendered November 14, 1966, convicting defendant of manslaughter in the first degree, upon his plea ·of guilty, and imposing sentence. Judgment reversed, on the law, and case remitted to the trial court for the purpose of (a) holding a hearing upon defendant's motion to withdraw his plea of guilty, (b) making a determination thereon *de novo* and (c) further proceedings not inconsistent herewith. No questions of fact were considered on this appeal. In our opinion, it was error for the trial court to decide defendant's motion to withdraw his plea of guilty solely upon affidavits and information educed from the probation report (cf. *Williams* v. *New York,* 337 U. S. 241; *People* v. *Peace,* 18 N Y 2d 230). Defendant was not afforded an adequate opportunity to

substantiate his claim; and " [I]t is also quite clear that where \* \* \* subsequent interpositions by defendant on sentencing raise questions, the court should be quick to offer the defendant an opportunity to withdraw his plea and at the very least conduct a hearing" (*People* v. *Nixon,* 21 N Y 2d 338, 355). Under these circumstances, the trial court did not exercise the informed discretion envisioned by the statute (Code Crim. Pro., § 537; *People* v. *Vignera,* 29 A D 2d 657; *People* v. *Klein,* 26 A D 2d 559). After a rehearing the trial court should consider the factors in *People* v. *Nixon* (*supra*) and the " general, rather oblique, admission of guilt " made by defendant at the time his plea was accepted (*People* v. *Burton,* 28 A D 2d 686). The court should " also consider prejudice to the People as a significant factor" (*People* v. *Klein,* 29 A D 2d 774). Among other things the new hearing should fully develop the prejudice claimed by the People because of the disappearance of an alleged eyewitness. The mere fact that that witness is concededly a narcotic addict, whose testimony, were he available, would be subject to searching cross-examination as to his credibility, is not controlling (*People* v. *Williams,* 6 N Y 2d 18; *People* v. *Sorrentini,* 26 A D 2d 827). Beldock, P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.